## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **CORNEATIA S. HILL,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:24-cv-00202-JCB** |
| **SPHERION STAFFING LLC,** | |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Corneatia S. Hill ("Ms. Hill") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] The court has temporarily granted Ms. Hill's motion to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Accordingly, the court reviews the sufficiency of Ms. Hill's complaint[3] under the authority of the IFP Statute. Based upon the analysis set forth below, Ms. Hill's complaint fails to state claims upon which relief can be granted. However, rather than dismissing this case on that basis, the court provides Ms. Hill with an opportunity to amend her complaint.

---

[1] ECF No. 6.

[2] ECF No. 5.

[3] ECF No. 1.

## BACKGROUND

Ms. Hill, who is African American, alleges that she previously worked at Smith's Layton Distribution ("SLD").[4] Although not entirely clear, Ms. Hill appears to allege that Defendant Spherion Staffing LLC ("Spherion") is a staffing agency that arranged for Ms. Hill's employment with SLD.[5]

Ms. Hill generally contends that, during her employment, Spherion discriminated against her based upon her race and retaliated against her for reporting the discrimination.[6] Ms. Hill supports those claims with the allegations set forth below.

- A Spherion employee, Kristen Trujillo ("Ms. Trujillo"), asked if she could buy marijuana from Ms. Hill and stated that she knew Ms. Hill could get it "because all black people smoke marijuana or have access to it."[7]

- Ms. Hill was "harassed" by Ms. Trujillo, "along with a plethora of Spherion and [SLD] employees on a daily basis."[8]

- Ms. Hill "was stalked to and from work[,] as well as to and from [her] child's daycare on a daily basis."[9]

- Ms. Hill was "stalked on-site to the bathroom, lunch/break area, as well as while [she] was in physical working process."[10]

- Ms. Hill spoke with Ms. Trujillo to find out why she "was being treated with discriminatory actions," and Ms. Trujillo stated that Spherion was "taking necessary

---

[4] *Id*. at 3; ECF No. 1-2 at 1.

[5] ECF No. 1-2 at 1.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Id*.

precautionary measures as a former employee who was also African[ ]American brandished a knife at a fellow colleague."[11]

- Immediately thereafter, Ms. Hill was "isolated from employees, prevented from working in certain areas, and only offered limited overtime."[12]

- Ms. Hill "complained to the site manager," Matt Leonhardt ("Mr. Leonhardt"), about "the acts of discrimination and harassment that [Ms. Hill] was facing."[13]

- Mr. Leonhardt stated that he would address Ms. Hill's concerns, but "[t]he harassment including isolation continued and a resolution was never provided" because Mr. Leonhardt "did not take action and investigate the facts [Ms. Hill] presented about the discrimination."[14]

- SLD "prevented [Ms. Hill] from receiving adequate quality care after a work injury" and "isolated" Ms. Hill "from the Proof Positive team, which provided EMS services for those injured on the job."[15]

- Ms. Hill was eventually "formally terminated by [SLD]."[16]

- Ms. Hill "believe[s] [that she] became a liability after reporting the protected activity of racial discrimination" and that "the retaliatory acts were presented to intimidate [her] from seeking employment outside of [SLD] and Spherion."

- Ms. Hill "believe[s] [that SLD] engaged in a conspiracy with a third party, Spherion . . . , with malicious, reckless, and gross negligent intent[,] [u]tilizing their employees, friends, and family to harass [her] within the community and . . . while [she] was at work."[17]

---

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.

- "The retaliation continued post-employment as the leadership team allowed [its] employees to stalk [Ms. Hill] and engage in conversation with [her] once [she] filed the complaint with the EEOC."[18]

- "A text message was sent [to Ms. Hill] in reference to [her] current role and how to get [Ms.] Trujillo a role with the company," but Ms. Hill was eventually "ghosted from the employee whom [sic] sent the initial text message."[19]

Based upon those allegations, Ms. Hill asserts causes of action under Title VII of the Civil Rights Act of 1964 for discrimination and retaliation. With respect to her claim for discrimination, Ms. Hill maintains that the discrimination included the reference to "a former African[-]American employee[] . . . brandishing a knife" and the "bias that all African Americans smoke or have access to marijuana."[20] As for her claim for retaliation, Ms. Hill contends that: (1) "Spherion . . . demonstrated strong temporal proximity which suggests a high possibility of retaliatory action as [she] was terminated within 3 weeks of reporting the protected activity to [SLD]"; (2) she "believe[s] [she] was terminated with the intent to prevent [her] from seeking employment in the [S]tate of Utah for an unspecified amount of time"; and (3) she "believe[s] Spherion played an integral role into [her] termination from the parent company[,] [SLD]."[21] In her request for relief, Ms. Hill seeks "Economic Damages" in the amount of $50,000, "Emotional Distress Damages" in the amount of $200,000, and "Punitive Damages" in the amount of $250,000.[22]

---

[18] *Id*.

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*. at 2.

**LEGAL STANDARDS**

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[23] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[24] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[25] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[26]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[27] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[28] "Threadbare

---

[23] 28 U.S.C. § 1915(e)(2)(B)(ii).

[24] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[25] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[27] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[29] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[30] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[31] To comply with Rule 8,

> a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and . . . what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.[32]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[33] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[34]

---

[29] *Id*.

[30] *Twombly*, 550 U.S. at 555.

[31] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[32] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).

[33] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[34] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

In analyzing Ms. Hill's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[35] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[36] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[37] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[38]

### ANALYSIS

Based upon the following analysis: (I) Ms. Hill's complaint fails to state claims upon which relief can be granted; and (II) rather than dismissing this case on that basis, the court provides Ms. Hill with an opportunity to amend her complaint. Each issue is addressed in turn.

---

[35] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[36] *Id.*

[37] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[38] *Hall*, 935 F.2d at 1110 (citations omitted).

## I.    Ms. Hill's Complaint Fails to State Claims Upon Which Relief Can Be Granted.

Below, the court first sets forth the legal standards for Ms. Hill's Title VII claims for

discrimination and retaliation. Thereafter, the court demonstrates why Ms. Hill's complaint fails

to state claims upon which relief can be granted.

"Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate

against any individual with respect to [her] compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin.'"[39] A

plaintiff proves Title VII employment discrimination by either direct evidence of discrimination

or following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[40] To set

forth a prima facie case of Title VII employment discrimination under that framework, "a

plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse

employment action, (3) she qualified for the position at issue, and (4) she was treated less

favorably than others not in the protected class."[41]

"Title VII also makes it unlawful for an employer to retaliate against an employee

'because [s]he has opposed any practice made an unlawful employment practice by this

subchapter.'"[42] As with a claim for Title VII employment discrimination, a plaintiff can establish

Title VII retaliation "directly [by] showing that retaliation played a motivating part in the

---

[39] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)).

[40] *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

[41] *Khalik*, 671 F.3d at 1192.

[42] *Id.* (quoting 42 U.S.C. § 2000e-3(a)) (alteration in original).

employment decision, or indirectly by relying on the . . . *McDonnell Douglas* framework."[43] To establish a prima facie case for Title VII retaliation under that framework, "a plaintiff must show (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[44]

"While the [Rule] 12(b)(6) standard does not require that [the] [p]laintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim."[45] Therefore, to determine whether a plaintiff's complaint states claims upon which relief can be granted, the court examines "the elements a plaintiff must prove to establish a claim for discrimination and retaliation under Title VII."[46]

Under those standards, Ms. Hill's complaint fails to state claims against Spherion under Title VII for either discrimination or retaliation. With respect to her claim for discrimination, Ms. Hill fails to allege that she was qualified for her position or that she was treated less favorably than others not in her protected class. As for her claim for retaliation, she fails to allege a causal connection or nexus between her complaints about the alleged discrimination and her termination.

---

[43] *Id.*

[44] *Id.* at 1193 (quotations and citation omitted) (alteration in original).

[45] *Id.* at 1192.

[46] *Id.*

Even putting those deficiencies aside, Ms. Hill's complaint fails to satisfy the minimum pleading standards of Rule 8. Indeed, Ms. Hill's allegations concerning the purported discrimination and retaliation are all conclusory in nature and based upon nothing more than belief or speculation. Further, many of her allegations have little—if anything—to do with discrimination or retaliation. For that additional reason, Ms. Hill's complaint fails to state claims upon which relief can be granted.

## II.    The Court Provides Ms. Hill With an Opportunity to Amend Her Complaint.

Although Ms. Hill's complaint fails to state claims against Spherion, the court again acknowledges that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[47] Because Ms. Hill may be able to cure the above-referenced deficiencies in her complaint, the court provides her with the opportunity amend her complaint. Ms. Hill must file her amended complaint on or before February 20, 2025. Ms. Hill's failure to do so will result in dismissal of this case.

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.    Ms. Hill's motion to proceed in forma pauperis[48] is TEMPORARILY GRANTED.

2.    Ms. Hill must file an amended complaint on or before February 20, 2025.

3.    If Ms. Hill files an amended complaint, the court will screen that complaint under the IFP Statute and DUCivR 3-2(b).

---

[47] *Kay,* 500 F.3d at 1217 (quoting *Curley,* 246 F.3d at 1281).

[48] ECF No. 2.

4.      Although Ms. Hill is permitted to file an amended complaint, the restriction on filing motions or other documents set forth in the court's December 10, 2024 order[49] remains in place.

5.      Ms. Hill's failure to timely file an amended complaint will result in dismissal of this case.

IT IS SO ORDERED.

DATED this 3rd day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[49] ECF No. 5.

11