THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Coreatia S. Hill,<br><br>                    Plaintiff,<br><br>v.<br><br>Spherion Staffing LLC,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:24-cv-00202-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant's Motion to Dismiss.[1] Defendant Spherion Staffing LLC seeks dismissal of Plaintiff's Complaint asserting her claims are time barred because Plaintiff failed to file within the required time frame. After examining the record, briefs, and relevant authority, the court agrees with Defendants' arguments and grants Defendant's Motion as set forth herein.[2]

## BACKGROUND

On December 10, 2024, Plaintiff Coreatia Hill, proceeding pro se, filed this matter alleging Spherion Staffing LLC violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq* (the Act). According to Plaintiff, in May 2023, an employee of Defendant asked if she wanted to smoke marijuana or if she could purchase it from her.[3] After declining this employee's proposals, the employee responded that Plaintiff had access to marijuana "because all black people smoke or at least have access to the drug."[4] Plaintiff was subsequently harassed

---

[1] ECF No. 17.

[2] The court elects to decide Defendant's Motion based on the written memoranda. DUCivR 7-1(g).

[3] Amended Complaint Ex. C at 3, ECF No. 8-3.

[4] *Id.*

by this employee  and others by "being isolated, stalked, and intimidated" based on a former

African-American female employee that "brandished a knife at a colleague."[5]

On approximately November 6, 2023, Plaintiff met with human resource representatives

concerning certain documents and Plaintiff's driver's license. Plaintiff subsequently complained

to the site manager, Matthew Leonhardt, regarding the discrimination, stalking, isolation, and

mistreatment. On November 15, 2023, human resource representatives had a formal meeting

regarding Plaintiff's race discrimination complaint. Notwithstanding promises to correct the

situation, nothing changed and eventually on November 30, 2024, Smith's Layton Distribution

terminated Plaintiff's employment. Plaintiff alleges her termination was close in time to

reporting a protected activity of racial discrimination and thus improper under the law. Plaintiff

brings claims for racial discrimination, retaliation, and termination, seeking damages for lost

wages, emotional distress, and punitive damages.

In her Amended Complaint, Plaintiff notes she received a Notice of Right to Sue letter

from the Equal Employment Opportunity Commission (EEOC) on September 9, 2024.[6] The

Right to Sue Letter provides a lawsuit must be filed within 90 days of receiving the notice.[7]

Plaintiff filed this case on December 10, 2024, which according to Plaintiff is past the 90-day

restriction.

## DISCUSSION

To bring a claim of discrimination under the Act, a party must first timely seek

administrative relief by, for example, filing a charge of discrimination with the EEOC. Second

---

[5] *Id.*

[6] Amended Complaint at 5, ECF No. 8; Amended Complaint Ex. B, ECF No. 8-2.

[7] Amended Complaint Ex. B.

the party "must timely pursue legal action upon conclusion of the administrative proceedings."[8]

"Under [the Act] a complainant has ninety days in which to file suit after receipt of an EEOC

right-to-sue letter."[9] The ninety day requirement "is not a jurisdictional prerequisite, rather it is a

condition precedent to suit that functions like a statute of limitations and is subject to waiver,

estoppel, and equitable tolling."[10] The ninety day requirement "is to be strictly construed."[11] And

a claim filed even one day late has been found untimely.[12]

Here, Plaintiff filed her Complaint on December 10, 2024, which is 92 days after

September 9, 2024, when she received a Notice of Right to Sue letter from the EEOC. As noted

by Plaintiff in her Amended Complaint, the instant suit is related to another matter also before

this court brought against Smiths Layton Distribution.[13] In that matter, the defendant Smiths

Layton Distribution brought a similar motion as the current motion arguing for dismissal based

on an untimely filing. However, Smiths Layton Distribution withdrew that motion

acknowledging the filing was timely on December 9, 2024, because 90 days fell on December 8,

2024, which is a Sunday. Here Plaintiff filed the instant suit one day later, on December 10,

2024. The record indicates that the Complaint was "received" on December 9, 2024, but the

stamped filing date is December 10, 2024. Plaintiff offers nothing to justify this discrepancy or

---

[8] *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1186 (10th Cir. 2006).

[9] *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir.1998); *see also Scott v. Boeing Co.*, 48 F. App'x 730, 731, (10th Cir. 2002) ("Both Title VII and the ADA require a plaintiff to file an action within ninety days of the issuance of a right to sue letter.").

[10] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[11] *Ayoola v. OG&E Energy Corp*., No. CIV-13-804-D, 2014 WL 111144, at *1 (W.D. Okla. Jan. 10, 2014); *see also Million* 47 F.3d at 389 (concluding equitable tolling did not apply and the plaintiff failed to timely file); *Scott* 48 F. App'x at 731 (dismissing a pro se plaintiff who failed to timely file);

[12] *Melendez v. Singer-Friden Corp.*, 529 F.2d 321, 323-24 (10th Cir. 1976); *see also Sandle v. Principi*, 201 F. App'x 579, 581-82 (10th Cir. 2006) (affirming district court's order granting summary judgment to defendant on pro se plaintiff's Title VII and other discrimination claims because she filed suit "91 calendar days after receipt of [the EEOC's final] decision")

[13] *Hill v. Smith's Layton Distribution et al.*, Case No. 1:24-cv-201 DBP.

to demonstrate that there should be equitable tolling. Plaintiff's response attaches the Notice of Electronic Filing. This also shows the same December 10, 2024, filing date.[14] Plaintiff's own actions of timely filing suit in the related matter further undermine any arguments against granting Defendant's Motion, including arguments of leniency based on Plaintiff's pro se status. In sum, Plaintiff's filing was effectively one day late, and relevant authority holds a filing even one day late is untimely. Plaintiff missed the required filing date in this action and therefore the matter must be dismissed.[15]

## ORDER

Accordingly, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

DATED this 10 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[14] Response Ex. 1, ECF No. 32-1.

[15] Though the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980).