THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Corneatia S Hill,<br><br>              Plaintiff,<br>v.<br><br>Spherion Staffing LLC, and Smith's Layton Distribution,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br>Case No. 1:24-cv-00202-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Coreatia Hill who is proceeding pro se, brings this matter alleging violations of Title VII of the Civil Rights Act of 1964. On December 10, 2024, the court granted Plaintiff's Motion to proceed *in forma pauperis*. Under the *in forma pauperis* statue, the court is to dismiss a matter if it determines at any time that the complaint fails to state a claim on which relief may be granted.[1] As set forth herein, the court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Therefore, this matter is dismissed.

BACKGROUND

On December 10, 2024, Plaintiff Coreatia Hill, proceeding pro se, filed this matter alleging Spherion Staffing LLC AND Smith's Layton Distribution alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (the Act). According to Plaintiff, in May 2023, an employee of Defendants asked if she wanted to smoke marijuana or if she could purchase it from her.[2] After declining this employee's suggestions, the employee

---

[1] 28 U.S.C. § 1915(e) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— … (B) the action or appeal— (ii) fails to state a claim on which relief may be granted.").

[2] Amended Complaint Ex. C at 3, ECF No. 8-3.

responded that Plaintiff must have access to marijuana "because all black people smoke or at least have access to the drug."[3] Plaintiff was subsequently harassed by this employee and others by "being isolated, stalked, and intimidated" based on a former African-American female employee that "brandished a knife at a colleague."[4]

On approximately November 6, 2023, Plaintiff met with human resource representatives concerning certain documents and Plaintiff's driver's license. Plaintiff subsequently complained to the site manager, Matthew Leonhardt, regarding the discrimination, stalking, isolation, and mistreatment she received. On November 15, 2023, human resource representatives had a formal meeting regarding Plaintiff's race discrimination complaint. Notwithstanding promises to correct the situation, nothing changed and eventually on November 30, 2024, Smith's Layton Distribution terminated Plaintiff's employment. Plaintiff alleges her termination was close in time to reporting a protected activity of racial discrimination and thus improper under the law. Plaintiff brings claims for racial discrimination, retaliation, and termination, seeking damages for lost wages, emotional distress, and punitive damages.

In her Amended Complaint, Plaintiff notes she received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) on September 9, 2024.[5] The Right to Sue Letter states a lawsuit must be filed within 90 days of receiving the notice.[6] Plaintiff filed this case on December 10, 2024.

---

[3] *Id.*

[4] *Id.*

[5] Amended Complaint at 5, ECF No. 8; Amended Complaint Ex. B, ECF No. 8-2.

[6] Amended Complaint Ex. B.

DISCUSSION

To bring a claim of discrimination under the Act, a party must first timely seek administrative relief by, for example, filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Second the party "must timely pursue legal action upon conclusion of the administrative proceedings."[7] "Under [the Act] a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter."[8] The ninety day requirement "is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."[9] The ninety day requirement "is to be strictly construed."[10] And a claim filed even one day late has been found untimely.[11]

In the instant matter, Plaintiff filed her Complaint on December 10, 2024, which is 92 days after September 9, 2024, when she received a Notice of Right to Sue letter from the EEOC. As noted by Plaintiff in her Amended Complaint, the instant suit is related to another case also before this court brought against Smiths Layton Distribution.[12] In that case, the defendant Smiths Layton Distribution brought a motion to dismiss arguing for dismissal based on an untimely filing. Smiths Layton Distribution later withdrew that motion acknowledging

---

[7] *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1186 (10th Cir. 2006).

[8] *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir.1998); *see also Scott v. Boeing Co.*, 48 F. App'x 730, 731, (10th Cir. 2002) ("Both Title VII and the ADA require a plaintiff to file an action within ninety days of the issuance of a right to sue letter.").

[9] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[10] *Ayoola v. OG&E Energy Corp.*, No. CIV-13-804-D, 2014 WL 111144, at *1 (W.D. Okla. Jan. 10, 2014); *see also Million* 47 F.3d at 389 (concluding equitable tolling did not apply and the plaintiff failed to timely file); *Scott* 48 F. App'x at 731 (dismissing a pro se plaintiff who failed to timely file).

[11] *Melendez v. Singer-Friden Corp.*, 529 F.2d 321, 323-24 (10th Cir. 1976); *see also Sandle v. Principi*, 201 F. App'x 579, 581-82 (10th Cir. 2006) (affirming district court's order granting summary judgment to defendant on pro se plaintiff's Title VII and other discrimination claims because she filed suit "91 calendar days after receipt of [the EEOC's final] decision").

[12] *Hill v. Smith's Layton Distribution et al.*, Case No. 1:24-cv-201 DBP.

Plaintiff's Complaint was timely filed on December 9, 2024, because 90 days fell on December 8, 2024, which is a Sunday. Here Plaintiff filed the instant suit one day later, on December 10, 2024. The record indicates that the Complaint was "received" on December 9, 2024, but the stamped filing date is December 10, 2024. Plaintiff offers nothing to justify this discrepancy or to demonstrate that there should be equitable tolling. Plaintiff's response to Defendant Spherion Staffing LLC's Motion to Dismiss in this case attaches the Notice of Electronic Filing. This also shows the same December 10, 2024, filing date.[13] Plaintiff's own actions of timely filing suit in the related case undermine any arguments here against dismissing this case, including any tenets of leniency based on Plaintiff's pro se status. In sum, Plaintiff's filing was effectively one day late, and relevant authority holds a filing of even one day late is untimely. Plaintiff missed the required filing date in this action and therefore the matter must be dismissed.

ORDER

Accordingly, this case is dismissed for a failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915.

IT IS SO ORDERED.

DATED this 29 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[13] Response Ex. 1, ECF No. 32-1.